[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15669

_____

D.C. Docket No. 01-00061-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOZELLA GAINOUS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 30, 2008)**

Before BARKETT and WILSON, Circuit Judges, and GOLDBERG,* Judge.

GOLDBERG, Judge:

_____

* Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

Mozella Gainous, Jr. appeals his sentence for violating several conditions of his supervised release. Specifically, Gainous misrepresented his income to his probation officer and used these funds to purchase a house, rather than to fulfill his outstanding obligations to the Internal Revenue Service. As part of his sentence, the district court ordered Gainous to sell his newly purchased house and apply the proceeds toward his restitution order. On appeal, Gainous argues that the district court lacked the authority to order this sale as a condition of supervised release, and in the alternative, that the sale constituted an abuse of the district court's discretion.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that Gainous' arguments in support of his appeal are meritless. First, the district court had the statutory authority to "order the sale of property of the defendant" upon its "finding that the defendant [was] in default on a payment of a fine or restitution." 18 U.S.C. § 3613A(a)(1) (2000). Second, the district court did not abuse its discretion in ordering the sale of Gainous' residence as it reasonably related to the factors set forth in the United States Sentencing Guidelines, and does not involve a greater deprivation of liberty than necessary in light of Gainous' misrepresentations to his probation officer.

2

<u>See</u> 18 U.S.C. §§ 3553(a)(2)(a) and 3583(d).   The sentence of the district court is

therefore **AFFIRMED.**

BARKETT, Circuit Judge, dissenting:

I respectfully dissent. I believe the compelled sale of Gainous's house was neither statutorily authorized nor within the district court's discretion.

Section 3613A(a)(1) of Title 18 of the United States Code permits a court to order the sale of a defendant's property "upon a finding that the defendant is in default on a payment of . . . restitution." Although not defined in the statute, the general meaning of the term "default" is "[t]he omission or failure to perform a legal or contractual duty; esp., the failure to pay a debt when due." Black's Law Dictionary 449 (8th ed. 2004). There is no dispute that Gainous made all of his court-ordered restitution payments. Thus, under the plain language of the statute, I believe the district court erred in finding a default even though the schedule was based upon Gainous's misrepresentations.

Assuming argumendo that 18 U.S.C. § 3583(d) provides the district court with authority to compel the sale of an individual's home as a condition of supervised release, I believe the district court abused its discretion in doing so. The record suggests that there was, at most, $8,000 of equity in the house. Without any further inquiry into Gainous's ability to procure this amount by some other means, the district court ordered him to sell his house. See United States v. Lampien, 89 F.3d 1316, 1325 (7th Cir. 1996) (Manion, J., concurring) ("[I]f

4

Lampien has other means of paying the required restitution (e.g., helpful family members, lucky lotto number, etc.), she should be allowed to keep her home."). Moreover, the district court had—and employed—means other than the forced sale of Gainous's home to sanction him for his failure to comply with the original terms of his supervised release. In addition to the compelled sale of his home, the district court sentenced Gainous to ten days of imprisonment followed by a 30-month term of supervised release and increased his monthly restitution payments to $1,300.